Brent E. Pelton, Esq. [BP 1055]
PELTON & ASSOCIATES PC
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 385-9700; (Fax)(212) 385-0800
pelton@peltonlaw.com

**09 CV   4309**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

LOUIS FERRER and GLEN ALTOMENTE,
Individually and on Behalf of All Other Persons
Similarly Situated,

:
:
:
:
:
:
:

ECF
2009 CV _____

:
:

Plaintiffs,

:

<u>CLASS AND COLLECTIVE
ACTION COMPLAINT</u>

:

-against-

:
:
:

RAINES & WELSH & SONS, INC., RAINES &
WELSH & SONS CONTRACTORS, INC.,
THOMAS J. WELSH, DEBORAH WELSH,
STEVEN RAINES and JOHN DOES #1-10,
 Jointly and Severally,

:
:
:
:
:
:
:

Defendants.

:

-------------------------------------------------------------X

## <u>NATURE OF THE ACTION</u>

1.      Plaintiffs LOUIS FERRER ("Ferrer") and GLEN ALTOMENTE ("Altomente"

and collectively with Ferrer, the "Plaintiffs"), allege, on behalf of themselves and all other

similarly situated current and former employees of the defendants who elect to opt into this

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are

entitled to: (i) unpaid wages from defendants RAINES & WELSH & SONS, INC. ("Raines &

Welsh"), RAINES & WELSH & SONS, CONTRACTORS, INC. ("Raines Contractors" and,

collectively with Raines & Welsh, the "Corporate Defendants"), THOMAS J. WELSH ("T.

Welsh"), DEBORAH WELSH ("D. Welsh"), STEVEN RAINES ("Raines") and JOHN DOES #1-10 (collectively with T. Welsh, D. Welsh and Raines, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants"), for worked performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

3.      Plaintiffs further complaint on behalf of themselves and on behalf of a class of other similarly situated current and former employees of Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for Defendants' willful failure to pay in excess of the legally-mandated prevailing wage for employees employed pursuant to public works contracts.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiffs Ferrer and Altomonte were, at all relevant times, adult individuals residing in Rockland County, New York.

7.      Upon information and belief, Raines & Welsh and Raines Contractors have been, at all relevant times, domestic corporations with their principle place of business at 102 East Railroad Avenue, West Haverstraw, New York 10993.

8.      Upon information and belief, Defendants T. Walsh, D. Walsh and Raines are officers, directors and/or managing agents of the Corporate Defendants, whose addresses  are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

9.      Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate

Defendants.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a

collective action on behalf of all persons who are or were formerly employed by Defendants

since May 4, 2006 to the entry of judgment in this case (the "Collective Action Period"), who

were non-exempt employees within the meaning of the FLSA and who were not paid wages for

all hours worked and overtime compensation at rates not less than one and one-half times the

regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective

Action Members").

11.     This collective action class is so numerous that joinder of all members is

impracticable. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of the Defendants, upon

information and belief, there are at least sixty (60) Collective Action Members who worked for

Defendants during the Collective Action Period, most of whom would not be likely to file

individual suits because they lack adequate financial resources, access to attorneys or knowledge

of their claims.

12.     Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and has retained counsel that is experienced and competent in the fields of employment

law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with

those members of this collective action.

13.     A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively

4

small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

> a.   whether the Defendants employed the Collective Action members within the meaning of the FLSA;
>
> b.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;
>
> c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;
>
> e.   whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;
>
> f.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

15.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

16.   Plaintiffs sue on their own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17.   Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since May 4, 2003, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

18.   The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are well in excess of sixty (60) members of the Class during the Class Period.

19.   The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.    Plaintiffs have committed themselves to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

22.    Plaintiffs have the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.   whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

c.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.   whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked and premium pay for hours worked in excess of forty hours per workweek;

e.   whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f.   whether Defendants failed to pay Plaintiffs and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day; and

h.   whether Defendants failed to pay Plaintiffs and the members of the Class prevailing wages when performing work in government contracts.

## STATEMENT OF FACTS

24.   At all relevant times, Defendants have been in the construction business. Defendants currently own and operate construction companies that specialize in excavating underground utilities and drainage for Rockland County utilities

25.   Defendants employ at least forty (40) employees at any one time in their construction business.

26.   Plaintiffs have been employed by Defendants in positions as general laborers whereby they performed work as general laborers throughout the Rockland County region.

27.   Ferrer worked for Defendants from approximately June 16, 2008 to April 8, 2009, and he was typically required to work approximately fifty (50) to seventy (70) hours per week for Defendants.  Ferrer was paid an hourly wage of $28 per hour by check.  Work performed above forty (40) hours per week was not paid at time and one-half the regular rate of pay as required by state and federal law.

28.   Altomonte worked for Defendants from approximately March 1988 to December 15, 2008, and he was typically required to work approximately fifty (50) to seventy (70) hours per week for Defendants.  Altomonte was paid an hourly wage of $26 to $30 per hour by check. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate of pay as required by state and federal law.

29.   Upon information and belief, Defendants failed to pay time and one-half premium pay for overtime hours worked to all of their other laborers, who were similarly required to work in excess of forty (40) hours per week.

8

30.     Throughout the Time Period, Plaintiffs were typically required to work well in excess of forty hours per week and Defendants' failed to pay Plaintiff's overtime compensation for hours worked in excess of forty hours per week.   Defendants also failed to pay Plaintiffs for all hours that they worked, failing to pay him at all for certain work performed during the Time Period.

31.     Throughout the time period, Defendants obtained government contracts whereby they were required to pay myself and their other laborers prevailing wages.  Throughout the time period, Plaintiffs never received the statutorily-required prevailing wage plus supplemental benefits, as required by state and federal law.

32.     Additionally, although Plaintiffs were providing labor to Defendants on public works contracts, Defendants consistently failed to compensate them for hours worked outside of regular work hours, as specified in the applicable prevailing wage regulations.

33.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

34.     The work performed by Plaintiffs required little skill and no capital investment.

35.     Plaintiffs typically worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs' overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

36.     In addition to the Plaintiffs, during the Time Period Defendants usually employed at least forty (40) other employees simultaneously and Defendants had high rates of employee turnover.

37.     Throughout that time and, upon information belief, both before that time

9

(throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment providing general labor services.

38.     Such Collective Action Members worked in excess of 40 hours a week yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

39.     Defendants likewise refused to pay the Collective Action Members the required prevailing wage plus supplemental benefits when employed on public works contracts, in violation of New York law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

40.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

41.     Upon information and belief, throughout all relevant time periods and during the course of Plaintiffs' own employment and while the Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

42.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

45.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

46.     Plaintiffs have provided their consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiffs' written consent is attached hereto and incorporated by reference.

47.     At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

48.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

4.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of himself and the Collective Action members, is entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW-OVERTIME**

51.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52.     At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

54.     The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and

disbursements of the action, pursuant to New York Labor Law § 663(1) et al and § 196-d. Plaintiffs seek liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

**THIRD CLAIM FOR RELIEF**
**<u>BREACH OF CONTRACT</u>**

55.        Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

56.        Defendants entered into public works contracts with public entities.

57.        As a result, Defendants were obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

58.        Plaintiffs and the members of the Class were assigned to work on these public works contracts.

59.        Defendants failed to pay Plaintiffs and the members of the Class the prevailing wage, including the appropriate premiums specified in the regulations.

60.        Defendants' failure to pay the prevailing wage to Plaintiffs and the Class Members constituted a material breach of their public works contracts.

61.        Plaintiffs and the Class members were third party beneficiaries of the prevailing wage requirements of these public contracts.

62.        As a result, Plaintiffs and the members of the Class have been damaged, and are entitled to recover from defendants their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## FOURTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

63.          Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64.          Defendants entered into public works contracts with public entities.

65.          As a result, Defendants were obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside their regular work hours.

66.          Upon information and belief, Defendants were compensated under these public works contracts as though they had properly paid the appropriate prevailing wages to Plaintiffs and the members of the Class.

67.          Defendants failed to properly pay the full required compensation to Plaintiffs and the members of the Class under the public works contracts.

68.          As a result, Defendants have been unjustly enriched at the expense of Plaintiffs and the members of the Class, and Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## FIFTH CLAIM FOR RELIEF
## QUANTUM MERUIT

69.         Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70.         Plaintiffs and the members of the Class provided valuable labor to Defendants,

71.         Defendants have failed to fully compensate Plaintiffs and the members of the Class for their labor.

72.         As a result, Plaintiffs and the members of the Class have been damaged, and are entitled to recover from defendants their unpaid compensation, interest, reasonable attorneys' fees and costs and disbursements of the action.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – FAILURE TO PAY WAGES**

73.         Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74.         Defendants failed to pay Plaintiffs and the members of the Class compensation at the agreed upon regular and overtime compensation rates, and failed to pay Plaintiffs and members of the Class the benefits and wage supplements owed to them.

75.         Defendants' failure to pay Plaintiffs and the members of the Class at the agreed-upon rates constitutes a violation of, inter alia, New York Labor Law Sections 191 and 198.

76.         Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid compensation,

15

interest, reasonable attorneys' fees, and the costs and disbursements of this action. In the event this action is not certified as a Class Action, Plaintiffs are also entitled to, and seek, liquidated damages pursuant to New York Labor Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and his counsel to represent the Class;

b.   An order tolling the statute of limitations;

c.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

e.       An award of damages arising out of the non-payment of wages;

f.       Compensatory damages for failure to pay the required prevailing wage and supplemental benefits, including relevant overtime;

g.       In the event that this action is not certified as a class action, liquidated damages for defendants' New York Labor Law violations;

h.       Back pay;

i.       Punitive damages;

j.       An award of prejudgment and post-judgment interest;

k.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.       Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 4, 2009

                    PELTON & ASSOCIATES PC

                    By: _____
                      Brent E. Pelton (BP 1055)
                    Attorney for Plaintiff, Individually, and
                    on Behalf of All Other Persons Similarly Situated
                    111 Broadway, 9th Floor
                    New York, New York 10006
                    Telephone: (212) 385-9700
                    Facsimile: (212) 385-0800

April 9, 2009
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Raines & Welsh & Sons Contractors, Inc. and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Glen Altomonte_   _April 9, 2009_        _Glen Antomonte_
Signature        Date                Printed Name

April 9, 2009
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Raines & Welsh & Sons Contractors, Inc. and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  _____
Signature                Date

_____
Printed Name